IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA D. STUTER,

    Plaintiff,                          No. CIV S-08-0129 DAD

    v.

MICHAEL J. ASTRUE,              <u>ORDER</u>
Commissioner of Social Security,

    Defendant.
_____/

        This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security (Commissioner) is reversed, and this matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

        On July 19, 2004, plaintiff applied for disability benefits under Title II of the Social Security Act (Act) and for Supplemental Security Income (SSI) under Title XVI of the Act, alleging disability since January 29, 2004, due to pain in her tailbone, back, hips, legs, neck, shoulders, arms, wrists, and hands; asthma; high blood pressure; gall bladder problems; and depression. (Transcript (Tr.) at 147-51, 201.) The application was denied initially on December

1

7, 2004, and upon reconsideration on July 29, 2005.  (Tr. at 109-23.)  Pursuant to plaintiff's timely request, a hearing was held before an administrative law judge (ALJ) on April 19, 2007.  (Tr. at 28-79, 128-29.)  Plaintiff appeared at the hearing with her attorney and testified; plaintiff's husband and a vocational expert also testified.  (Tr. at 28-29.)  In a decision dated June 27, 2007, the ALJ determined that plaintiff was not disabled at any time from January 29, 2004 through the date of the decision.  (Tr. at 15-24.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010 (Exhibit 3D).
>
> 2. The claimant has not engaged in substantial gainful activity (SGA) since January 29, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: lumbar degenerative disc disease (Exhibits 1F, 2F, 5F, 6F); bilateral carpal tunnel syndrome, mild (Exhibits 5F, 6F); obesity (Exhibit 6F); and depression (Exhibits 4F, 18F) (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) for light work with a sit/stand option; able to use the bilateral upper extremities to do frequent reaching, handling, fingering or gripping; no continuous repetitive use of the hands; occasional climbing of ramps/stairs, no climbing of ladders/ropes/scaffolds; occasional balancing, stooping, kneeling, crouching or crawling; and mild limitation in concentration, persistence and pace (Exhibits 5F, 7F, 13F, 15F, 21F).
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on October 22, 1953 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 29, 2004 through the date of this decision (20 CFR 404.1520(g)).

(Tr. at 17-23.)

On November 23, 2007, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. at 2-4, 9-10.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 17, 2008.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum

of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under the Social Security regulations. Title 20 of the Code of Federal Regulations, Section 404.1520, sets forth the test used to assess disability. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

4

#### APPLICATION

Plaintiff seeks reversal of the Commissioner's final decision and remand for payment of her claim or, in the alternative, remand for further proceedings. In support of her motion for summary judgment, plaintiff argues that (1) the ALJ failed to articulate proper grounds for concluding that plaintiff was not credible, (2) the ALJ improperly discredited the testimony of plaintiff's spouse, and (3) the ALJ is required to include in his hypothetical questions all limitations supported by substantial evidence. Plaintiff's arguments are addressed below.

**I. Credibility Findings**

The ALJ must perform a two-step analysis when considering a claimant's subjective symptom testimony. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). The first step is to decide whether the claimant has produced objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. Id. Once a claimant has presented medical evidence of such an underlying impairment, the ALJ cannot discredit the claimant's testimony regarding subjective pain and other symptoms solely because the symptoms are unsupported by objective medical evidence. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006) (holding that the ALJ's reason for rejecting the claimant's testimony, i.e., that the testimony was not consistent with or supported by the overall medical evidence of record, was "exactly the type [of justification] we have previously recognized the regulations prohibit"); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

If the ALJ finds objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged, and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). See also Morgan, 169

F.3d at 599 (without affirmative evidence of malingering, the reasons for rejecting a claimant's testimony must be clear and convincing).[1]

The ALJ must also consider and discuss the testimony of lay witnesses, including family members, about their own observations regarding the claimant's impairments. Robbins, 466 F.3d at 885; Smolen, 80 F.3d at 1288; Sprague, 812 F.2d at 1232. Witnesses who see the claimant on a daily basis are competent to testify as to their observations. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (a competent lay witness is "a person who is in a position to observe a claimant regularly and testifies regarding the claimant's symptoms and ability to work"). If the ALJ rejects or discounts the testimony of a lay witness, he must give reasons germane to the witness for doing so. Regennitter, 166 F.3d at 1298; Dodrill, 12 F.3d at 919. It is especially important for the ALJ to consider lay witness testimony from third parties where a claimant alleges pain or other symptoms not supported by medical evidence in the file and the third parties have knowledge of the claimant's daily activities. 20 C.F.R. § 404.1513(e)(2); Social Security Ruling (SSR) 88-13.

The determination of credibility and the resolution of conflicts in the testimony are functions of the ALJ acting on behalf of the Commissioner. Morgan, 169 F.3d at 599; Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). In general, an ALJ's assessment of credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ may employ ordinary techniques of credibility evaluation, such as taking into account prior inconsistent statements or lack of candor by the witness. Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989). The ALJ may also rely in part on his own observations. Han v. Bowen, 882

/////

---

[1] The "clear and convincing" standard "is the most demanding required in Social Security cases." Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).

F.2d 1453, 1458 (9th Cir. 1989). However, the ALJ may not substitute his observations for medical diagnoses. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

Here, at step two of the sequential evaluation process, the ALJ determined that plaintiff's lumbar degenerative disc disease, mild bilateral carpal tunnel syndrome, obesity, and depression are severe impairments because these conditions impose significant limitations on plaintiff's ability to perform basic work activities. The ALJ also determined that plaintiff's depression causes mild difficulties in maintaining concentration, persistence or pace. (Tr. at 17-18.) At step four, the ALJ considered the effect of plaintiff's symptoms on her residual functional capacity (RFC). (Tr. at 20-22.) He explained that he was first required to determine whether there are underlying medically determinable physical or mental impairments that could reasonably be expected to produce the claimant's pain or other symptoms and second, if such impairments are found, he "must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities." (Tr. at 20.) The ALJ stated that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must make a finding on the credibility of the statements based on a consideration of the entire case record." (Id.)

After articulating the proper analysis, the ALJ summarized the testimony of plaintiff and her husband. (Tr. at 21-22.) Based on the evidence of record, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. at 22.) In this regard, the ALJ offered the following reasons for discrediting the testimony of plaintiff and her husband:

> The Agreed Medical Examiners (AMEs) for both claimant's physical and mental condition are found to be the most objective independent evaluations in the file and are consistent with the rest of the medical evidence. Claimant's EMG and nerve conduction studies were essentially normal and showed very mild upper

> extremity symptoms (Exhibit 21F/10). Claimant has received no aggressive treatment or surgery. There is no nerve involvement (Exhibit 21F).
>
> The medical evidence supports some pain, but not to the level complained of by claimant. AME Dr. Ross finds claimant suitable for vocational rehabilitation (Exhibit 6F/9).
>
> Claimant's husband's [sic] is not trained in medicine and his testimony is merely cumulative of claimant's testimony. The alleged level of severity is discounted. Her husband is clearly not unbiased nor objective as are the AMEs.
>
> The objective evidence does not support claimant's allegations to the extent alleged. Claimant has medically determinable impairments that could reasonably be expected to produce her pain and other symptoms (SSR 96-7p). However, the medical evidence does not support a finding that she is precluded from all work.

(Tr. at 22.)

The ALJ found that plaintiff's impairments are severe, and he did not find that plaintiff was a malingerer. Thus, the ALJ was required to provide specific, clear, and convincing reasons for rejecting plaintiff's testimony. See Tommasetti, 533 F.3d at 1039. In evaluating plaintiff's credibility, the ALJ was free to consider many factors. Id. The court finds that the reasons offered by the ALJ, as set forth supra, were not specific, clear, or convincing.[2]

The court turns first to the requirements of specificity and clarity. "The ALJ must provide 'clear and convincing' reasons to reject a claimant's subjective testimony, by specifically identifying 'what testimony is not credible and what evidence undermines the claimant's complaints.'" Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) (quoting Lester, 81 F.3d at 834). See also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (holding that "general findings are insufficient" for rejecting a claimant's subjective testimony); Smolen, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts

---

[2] The court may not affirm a decision to deny benefits on a ground not invoked in making the decision to deny benefits. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001); see also Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1054-56 (9th Cir. 2006).

8

in the record lead to that conclusion."). Here, the ALJ simply found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible." (Tr. at 22.) The phrase implies that the ALJ found some of plaintiff's statements credible or that he found some or all of her statements credible to some degree.[3] However, the ALJ did not specify any statements that he found to be not credible, either in whole or in part. Similarly, the ALJ's analysis contains two vague references to "the level" of pain complained of by plaintiff and "[t]he alleged level of severity" of her symptoms (tr. at 22), but there is no explanation of the level of pain or the level of severity of symptoms that the ALJ found to be credible. The ALJ's conclusory rejection of plaintiff's subjective testimony does not meet the requirement that rejection of such testimony be supported by reasons that are both specific and clear.

The court turns next to the requirement that the ALJ's reasons for rejecting the claimant's subjective testimony be convincing. It is evident that the ALJ rejected plaintiff's testimony because he found that the objective medical evidence did not support a conclusion that plaintiff experienced pain or other symptoms at the level of severity claimed. The ALJ cited the "objective independent evaluations" of two agreed medical examiners in plaintiff's workers' compensation proceedings, EMG and nerve conduction studies that "showed very mild upper extremity symptoms,"[4] lack of aggressive treatment or surgery, lack of nerve involvement, and an agreed medical examiner's opinion in 2004 that plaintiff was suitable for vocational

---

[3] Moreover, the ALJ's description of plaintiff's RFC supports an inference that he found some of plaintiff's subjective testimony credible. In this regard, the ALJ restricted plaintiff to light work with a sit/stand option, no continuous repetitive use of the hands, only occasional climbing of ramps and stairs but no climbing of ladders, ropes and scaffolds, and only occasional balancing, stooping, kneeling, crouching, or crawling. (Tr. at 20.) The court is left to guess what parts of plaintiff's testimony the ALJ credited and what testimony he rejected in order to determine plaintiff's RFC.

[4] The ALJ states that the EMG and nerve conduction studies "showed" certain "symptoms." "Symptoms" refer to the claimant's own description of his or her physical or mental impairments. 20 C.F.R. § 404.1528(a). Symptoms are not reflected in medical tests.

rehabilitation. (Tr. at 22.) The asserted lack of objective medical evidence in support of plaintiff's subjective symptom testimony is not an acceptable reason, much less a convincing reason, for rejecting plaintiff's subjective testimony. Reliance on such a reason is inconsistent with the principle that once a claimant has presented medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony regarding subjective symptoms merely because the severity of the symptoms is not supported by objective medical evidence.

As the ALJ himself explained, "whenever statements about the intensity, persistence, or functionally limiting effects or pain or other symptoms are not substantiated by objective medical evidence, [the ALJ] must make a finding on the credibility of the statements based on a consideration of the entire case record." (Tr. at 20 (citing 20 C.F.R. § 404.1529(c).) The term "entire case record" encompasses more than objective medical records. Nonetheless, the ALJ failed to cite any factors in the case record, other than objective medical evidence, for disbelieving plaintiff's testimony, although he listed the seven categories of factors suggested in 20 U.S.C. § 404.1529(c). (Tr. at 21.)

For the reasons set forth above, the court finds that the ALJ erred in rejecting plaintiff's subjective testimony regarding the intensity, persistence, and limiting effects of her symptoms. The court finds that the ALJ also erred in rejecting the testimony of plaintiff's husband on the grounds that he is not trained in medicine, his testimony was cumulative of plaintiff's, and he is not as objective and unbiased as the examining doctors.

The Commissioner's own regulations provide that evidence from non-medical sources may be used to show the severity of the claimant's impairments and that such sources include "spouses, parents and other care-givers, siblings, other relatives, friends, neighbors, and clergy." 20 C.F.R. § 404.1513(d)(4). Thus, the mere fact that a lay witness is a relative of the claimant is not an acceptable ground for rejecting the witness's testimony. Regennitter, 166 F.3d at 1298; Smolen, 80 F.3d at 1289. Moreover, the ALJ's assertion that Mr. Stuter's testimony was merely cumulative of plaintiff's is not supported by the ALJ's own summary of their

testimony. (See tr. at 21-22.) Mr. Stuter, who had been married to plaintiff for 37 years at the time of the administrative hearing, gave specific testimony about his opportunity to observe plaintiff, note changes in her behavior, notice how much pain medication she takes and when, and draw conclusions about the credibility of her symptoms. See Dodrill, 12 F.3d at 915.

The ALJ's credibility findings are not supported by substantial evidence. Plaintiff is therefore entitled to summary judgment on her arguments that the ALJ failed to articulate proper grounds for finding plaintiff's subjective testimony not entirely credible and that the ALJ improperly discredited the testimony of plaintiff's spouse. The Commissioner's decision is therefore reversed and the case will be remanded for a new determination of RFC that properly takes into account plaintiff's testimony and the testimony of her husband regarding plaintiff's pain and related symptoms.

Finally, the court notes that the ALJ's own summary of the medical record provides ample support for plaintiff's subjective symptom testimony. The ALJ's summary includes the following points: a history of two work injuries, with the second due to "multiple problems (cumulative trauma)"; plaintiff took early retirement due to pain; she filed workers' compensation claims and underwent orthopedic examinations annually from 2003 through 2005; she was evaluated for her mental condition, underwent extensive psychological testing, and was seen by multiple Social Security consultative examiners; in 2003 an orthopedic surgeon diagnosed multiple impairments and opined that plaintiff had a permanent partial disability; in 2004 a Social Security consultative examiner diagnosed chronic low back pain, chronic shoulder pain, and symptoms consistent with carpal tunnel syndrome; in 2004 another orthopedic surgeon diagnosed multiple impairments and opined that plaintiff's condition was permanent and stationary; the pain management specialist who saw her in January 2005 diagnosed chronic low back and neck pain as well as bilateral carpal tunnel syndrome; an electrodiagnostic study done in February 2005 showed evidence of median neuropathy in both wrists; in May 2005 a psychologist diagnosed major depressive disorder and somatization disorder; in early June 2005

an examining psychiatrist diagnosed depressive disorder due to orthopedic condition and insomnia likely related to intrusive pain; in mid-June 2005 an examining psychiatrist diagnosed pain disorder and mood disorder due to cumulative medical circumstances, noting that plaintiff had a history of job-related injury with persisting pain, plaintiff was placed on light duty after injury in 2000 but was unable to continue working due to pain, her treating physician prescribed Prozac, and she was treated by a pain management physician; in 2006 the pain management specialist diagnosed chronic low back and neck pain and bilateral carpal tunnel syndrome, and prescribed Darvocet, Ultram, and Pepcid. (Tr. at 18-20.) Therefore, based on this record, the court finds that the subjective symptom testimony of record must be credited on remand.

## II. Hypothetical Questions

At step five of the sequential evaluation process, the ALJ is required to question a vocational expert in a manner that properly takes into account the limitations on the plaintiff's abilities to engage in various work-related functions. Holohan v. Massanari, 246 F.3d 1195, 1208-09 (9th Cir. 2001). "While the ALJ need not include all claimed impairments in his hypotheticals, he must make specific findings explaining his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." Light, 119 F.3d at 793. A vocational expert's testimony in response to flawed hypothetical questions has no evidentiary value. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

In this case, the ALJ explained his rationale for disbelieving plaintiff's testimony concerning the severity of her symptoms and for rejecting the corroborative testimony of plaintiff's husband. The court has found that rationale insufficient. As a result, the hypothetical questions posed by the ALJ to the vocational expert did not incorporate the effects of plaintiff's

/////
/////
/////
/////

pain and related symptoms.[5] (See tr. at 69-78.) The court finds that plaintiff is entitled to summary judgment on her argument that the ALJ failed to include in his hypothetical questions all limitations supported by substantial evidence.

## CONCLUSION

The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court. Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). "Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." Ghokassian, 41 F.3d at 1304 (citing Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).

As a result of the ALJ's failure to credit plaintiff's testimony and the testimony of her husband, the ALJ's RFC assessment is not supported by substantial evidence in the record. On remand, proper credit must be given to plaintiff's testimony and the corroborating testimony of her husband. Plaintiff's RFC must be re-determined in light of that testimony. If the analysis proceeds to step five of the sequential evaluation process, a new hearing must be held unless the new RFC determination corresponds to the conditions described in the ALJ's fourth hypothetical question or the conditions described in counsel's final hypothetical question. If a further hearing is required, the ALJ must pose hypothetical questions that take into account plaintiff's subjective testimony regarding pain and related symptoms.

/////

/////

---

[5] The ALJ included in this third and fourth hypothetical questions a restriction in concentration, pace, or persistence. (Tr. at 69-72.) In response to the fourth hypothetical question, which included a "moderate" limitation on concentration, pace and persistence, the vocational expert testified that such a limitation would eliminate the jobs she had identified "and most jobs." (Tr. at 72.) Counsel posed a hypothetical question in which he included irregular attendance in the work place, which he defined as being absent two to three days per month. (Tr. at 76.) The vocational expert testified that two days might be acceptable but that absence three days a month would definitely be unacceptable, particularly in unskilled jobs. (Tr. at 77.)

13

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 17) is denied;

3. The decision of the Commissioner of Social Security is reversed; and

4. This case is remanded for further proceedings consistent with this order.

DATED: August 31, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/stuter0129.order

14